Filed 8/11/21  P. v. Diep CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES DIEP,<br><br>    Defendant and Appellant. | G059988<br><br>(Super. Ct. No. 05ZF0092)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian.  Affirmed.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent James Diep on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised only one issue—whether Diep made a prima facia showing of eligibility for resentencing under Penal Code section 1170.95 (all further statutory references are to the Penal Code).

We gave Diep 30 days to file written argument on his own behalf, and he did. In his supplemental brief, Diep argued relief under section 1170.95 should not be limited to persons convicted of felony murder or murder under a natural and probable consequences theory, but should include persons convicted "under any other theory which malice is imputed to a person based solely on that persons participation in a crime." (Bold omitted.)

FACTS

A detailed recitation of the facts is set forth in the prior opinion in this case. (*People v. Diep* (June 5, 2009, G039379) [nonpub. opn.] (*Diep*).) A jury convicted Diep of first degree murder (§ 187, subd. (a)) (count 1), attempted murder (§§ 664, subd. (a),

2

187, subd. (a)) (count 2), and street terrorism (§ 186.22, subd. (a)) (count 3). The jury found not true special circumstances that count 1 was a murder by drive-by shooting (§ 190.2, subd. (a)(21)), or was committed for a criminal street gang (§ 190.2, subd. (a)(22)). The jury also found not true Diep committed count 2 willfully, deliberately, and with premeditation. However, as to counts 1 and 2, the jury found it true Diep was a gang member who vicariously discharged a firearm causing death (§ 12022.53, subds. (d), (e)(1)), and he committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

There was no evidence Diep fired the shotgun, and the prosecutor proceeded strictly on the theory of aiding and abetting. The jury was not instructed on vicarious liability under the felony murder rule or the theory of natural and probable consequences.

## DISCUSSION

Section 1170.95 allows "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition" to seek to have that "murder conviction vacated and to be resentenced on any remaining counts" if certain conditions are met. (§ 1170.95, subd. (a).) The statute did not change or alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily "know and share the murderous intent of the actual perpetrator." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118; see *People v. Chiu* (2014) 59 Cal.4th 155, 167 [direct aider and abettor "acts with the mens rea required for first degree murder"] superseded by statute in part as stated in *People v. Gentile* (2020) 10 Cal.5th 830, 849.) One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law.

Diep urges this court to expand section 1170.95's provisions. We decline his invitation. In interpreting a statute, we first look at the words the Legislature used.

3

"""[I]f the statutory language is not ambiguous, then . . . the plain meaning of the language governs."' [Citation.]" (*People v. Colbert* (2019) 6 Cal.5th 596, 603.)

Section 1170.95's language is quite clear. It affords relief for those persons convicted of felony murder or murder under a natural and probable consequences theory. It does not provide relief for persons under any other theory which malice is imputed to a person based solely on that person's participation in a crime. In light of section 1170.95's plain language, which applies only to qualifying defendants convicted of felony murder or murder under a natural and probable consequences theory, we conclude Diep is statutorily ineligible from seeking relief under section 1170.95.

## DISPOSITION

The judgment is affirmed.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

GOETHALS, J.